## McElrath et al. *v.* Kintzing et al.

After an assignment for creditors the assignor sold part of the personal property, with the assent of the assignee, for a valuable consideration, and delivered possession. Between the assignment and sale an execution was left with the sheriff; but the attorney informed the intended purchaser that these goods would not be levied on. The sheriff taking the goods under the writ is a mere trespasser.

Schedules of property levied on not returned with the writ, are not admissible in evidence for the sheriff to show what was seized under the writ.

Sheriff out of office cannot amend his return, there being an action pending against him for a trespass committed under the writ.

Cost price of goods is evidence in trespass for seizing and selling them.

List of sheriff's sale inadmissible in evidence for him in trespass for taking goods.

In error from Clinton county.

*May* 29. Trespass for taking the personal property of plaintiffs. They proved a bill of sale of the property in question, made by Carskadden, the former owner, on the 6th January, 1844. They then proved by Church, who was an assignee for the creditors of Carskadden, and a witness to the bill of sale, that he was present at the execution of the deed and delivery of possession of the house in which the property was, to Kintzing, the landlord; that the consideration was, rent then due and a surrender of the lease. The objection to this witness was, that he had been Carskadden's surety for the rent. They then proved the forcible entry, by a deputy sheriff, into the house, the door of which had been nailed up, and that he levied on and sold the goods.

The defendant showed an assignment of the property in question to Church, in trust for creditors, dated and recorded December 28, 1843; and executions against Carskadden, delivered to the sheriff on the 30th December, which had been returned *fieri feci* They then offered the schedules of the property levied on, admitting that these papers were not returned with the writ, but had been delivered to the prothonotary before the trial. These were rejected. These schedules contained a list of the property in question. The court also refused to permit the sheriff's return to be amended by attaching the schedules. It seemed that the term of office of the sheriff who executed the writ had then expired. The defendants also proved that, previous to the purchase by the plaintiffs, they had called on the attorney and stated their intentions to purchase, when he informed them that he did not mean to levy on that property.

Under objection, plaintiffs then proved the lease referred to by

Church, and also that they had possession of the goods and key of the house for five days.

There was also an objection to evidence of the cost price of articles of furniture of the same kind as those levied on, and that a list of the sheriff's sale was rejected.

The court (WOODWARD, P. J.) instructed the jury that if the plaintiffs had purchased for a valuable consideration, and had clear and absolute possession of the furniture, it was protected against subsequent executions; and such previous executions as the plaintiffs' attorney therein had agreed with the present plaintiffs, before their purchase, should not be levied on these goods. That by the assignment for creditors, if delivered, there was such a possession as would protect the property from creditors; and if the assignee united with the former owner in delivering possession, the plaintiffs could hold the property against mere trespassers. That an execution creditor might have tested the fairness of this sale and assignment, but the defendants were not in that capacity, and their attorney had agreed no levy should be made on this property; and there being no evidence of a levy the defendants were mere trespassers, and were liable to the plaintiffs if they were placed in possession by Carskadden and Church.

The errors assigned as to the evidence and proposed amendments have been stated. The charge was excepted to, because the court did not decide that the bill of sale after the assignment was utterly void, and in directing a verdict for the plaintiffs.

*Patterson* and *J. T. Hale*, for plaintiffs in error.—The Kintzings knew of the assignment of Carskadden to Church, for the benefit of his creditors. The assignment was duly recorded; and this was the only step the assignee took in the execution of his trust. The property was, however, vested in him. But the fact that Church, the assignee, was a witness to the bill of sale, and approved of the sale of the assigned property to the Kintzings, did not give them a title to the property. As the Kintzings, therefore, must have known of the assignment, as they certainly did of the insolvency of Carskadden, they bought the assigned property with a full knowledge of the situation of it, and of all the facts. The sale to them was fraudulent and void as to the creditors of Carskadden. Even if the Kintzings were the lawful owners of the property, the court should have permitted the defendants to show, in mitigation of damages, that they took the property by virtue of legal process, and by lawful authority. They were not, therefore,

lawless trespassers. The rights of creditors'under an assignment are not to be divested by the neglect of the assignee. The witness called to prove the prices of furniture never saw the furniture in dispute, and was therefore incompetent to prove its value.

*Armstrong*, contrà.—It was proved that the property was delivered to the Kintzings under the bill of sale. The Kintzings knew nothing of the assignment of Carskadden to Church. Nor did it appear that Church accepted the trust, or that he had the deed recorded. There was no evidence that the deed was ever delivered, without which it was void. The plaintiffs had to prove the value of the furniture in the best way they could. The defendants had the furniture in their possession, and kept it carefully concealed. It was proved that the Kintzings were in possession of the property by delivery from Carskadden. The action was properly brought. The defendants were clearly trespassers.

PER CURIAM.—Possession, whether of goods or land, is a sufficient title to maintain trespass against a wrong-doer ; and the plaintiffs below were in actual possession of the furniture at the time of the levy. Carskadden, who had been the owner of it, made a bill of sale of it to the plaintiffs, delivering it to them along with possession of the house in which it was when he surrendered his lease to them. The plaintiffs locked up the house, with the furniture in it, and kept the key ; and on this footing matters remained till the defendants broke open the door, and seized the property on two executions against Carskadden. Previous to all this, Carskadden had made a general assignment to Church, in trust for his creditors ; but Church, to relieve himself as Carskadden's surety for the rent, had acceded to the bill of sale to the plaintiffs, and it may thus have passed the property as well as the possession. It certainly would have done so before the act which, for the first time, gave the creditors a vested interest in the execution of such a trust. But who was to contest the validity of it ? Certainly not the defendants, but the general creditors. Even if the bill of sale was void, the ownership was still in Church ; and that it was not in Carskadden was enough to make the defendants trespassers, and liable to the value of the property. The exception to the direction, therefore, is not sustained.

As the exceptions to evidence involve no general principle, it is enough to say they are utterly unfounded.

Judgment affirmed.